**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RAMIZ KUDRYASHOV, #A71-209-782,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **3:05-CV-0775-H** |
| ) | |
| **ALBERTO GONZALES, United States** ) | |
| **Attorney General, et al.,** ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by an alien who is subject to an administratively final order of removal to Russia.

Parties: Petitioner is presently in the custody of the United States Immigration and Customs Enforcement ("ICE"). He is currently detained at the Rolling Plains Detention Center in Haskell, Texas. Respondents are Alberto Gonzales, Attorney General of the United States, and the Warden of the Rolling Plains Detention Center. The court has issued process in this case.

Procedural History: Petitioner, a native and citizen of Russia, entered the United States

1

as an immigrant in 1993.  (Respondent's Exh. 1).  Following two drug convictions from Dallas County in 2003 and 2004, ICE placed him in removal proceedings as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) for the commission of a drug trafficking crime.  (Id.).  On December 2, 2004, an immigration judge in Dallas ordered him removed to Russia.  (Id.). Petitioner's waiver of his appeal right rendered his removal order administratively final as of that date.  (Id.). Petitioner has apparently remained in ICE's post-removal-order custody since that date.

In his petition for a writ of habeas corpus, filed on April 19, 2005, Petitioner argued that his detention pending removal exceeded the ninety-day statutory removal period, and was close to the six-month presumptively reasonable period set out in Zadvydas v. Davis, 533 U.S. 678 (2001).  He alleged that it was unlikely that Respondent would be able to remove him to the "defunct Soviet Union."  (Pet. at 4).

In response to this court's order to show cause, Respondent filed a motion to dismiss arguing that the petition was premature.  Petitioner has not responded.

Findings and Conclusions:  Once an alien is ordered removed, the Immigration and Nationality Act (INA) states that the Attorney General is obligated to effect the removal within 90 days.  8 U.S.C § 1231(a)(1)(A).  After an order of removal becomes final and during the 90-day removal period, aliens must be held in custody.  8 U.S.C. § 1231(a)(2).  An alien may be detained beyond the 90 day period if he/she is inadmissible (under 8 U.S.C § 1182), removable (under certain provisions of 8 U.S.C. § 1227), or has been determined to be a risk to the community or unlikely to comply with the order of removal.  8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the United States Supreme Court held that

detention under § 1231(a)(6) may not continue indefinitely. Rather, the Court concluded that six months (from the date the order of removal becomes final) is a presumptively reasonable period of detention to secure an alien's removal from the United States. Id., at 700-701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701. The Supreme Court emphasized that the six-month presumption does not mean that every alien not removed must be released after six months. Id. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner cannot make the necessary showing to be entitled to relief under Zadvydas. First, he cannot show that he was in post-removal custody for six months prior to filing the habeas petition in this case. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n. 3 (11th Cir. 2002) (six-month period following order of removal must have elapsed before the filing of habeas petition challenging confinemnt under Zadvydas); Adeyinka v. Ashcroft, 1:05cv017-C, 2005 WL 415283, at *1 (N.D. Tex. Feb. 22, 2005) (same); Apau v. Ashcroft, 3:02cv2652-D, 2003 WL 21801154, at *2 (N.D. Tex. Jun. 17, 2003) (same). The instant petition was filed on April 19, 2005, only four months after the order of removal became final. Therefore, the petition is premature.

Second, even had Petitioner waited to file the instant action until after the six-month presumptive period had expired, he has not alleged sufficient evidence to establish "that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. His pleadings merely rely on the conclusory allegation that it is unlikely Respondents

will be able to remove him to the Soviet Union, which no longer exists.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be granted and that the habeas corpus petition be dismissed without prejudice to the right to file a new petition if circumstances change.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed September 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Serv. Auto Assn., 79 F.3d 1415 (5th Cir. 1996)(*en banc*) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.